UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

SHELBOURNE J. MASON )
)
v. ) No.: 2:11-cv-95
) *Greer/Inman*
TONY PARKER, Warden )

**MEMORANDUM OPINION**

Acting *pro se*, Shelbourne J. Mason brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his 2003 Sullivan County, Tennessee cocaine-related conviction. For this offense, he was sentenced to serve a term of thirty years at sixty percent.[1] Pending before the Court is respondent's motion to dismiss the petition, which is supported by a brief and parts of the state court record, (Doc. 11 and Attachments 1-5). In his dispositive motion, Warden Parker asserts that the petition is barred by the applicable statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter, the "ADEPA"). The Court agrees with the Warden, will **GRANT** his motion, and will **DISMISS** the petition.

I. **The Timeliness Issue**

The AEDPA, codified in 28 U.S.C. § 2241, *et seq*., contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run on the date a petitioner's state court judgment of conviction becomes final or upon the occurrence of one of three other circumstances not relevant here. *See* 28 U.S.C. § 2244(d)(1)(A).

---

[1] Petitioner has notified the Court that he was granted parole and is now residing in Kingsport, Tennessee, (Doc. 6).

In this case, petitioner's 2003 conviction for selling and delivering .5 grams or more of cocaine was affirmed by the Tennessee Court of Criminal Appeals, followed by the Tennessee Supreme Court's August 22, 2005, denial of his application for permission to appeal, (Doc. 11, Attachments 2-3). Ninety days later (i.e., November 20, 2005), when the time expired for petitioner to seek review of the state court's decision in the U.S. Supreme Court, petitioner's conviction became final and the AEDPA's one-year clock began to run. *See Clay v. United States*, 537 U.S. 522, 524 (2003) (if no petition for certiorari is filed, judgment becomes final upon expiration of the 90-day period for seeking certiorari review in the Supreme Court). Thus, to be timely, this habeas corpus application needed to be filed on or before November 20, 2006. Under the prison mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1987), petitioner's § 2254 application is deemed to have been filed on October 12, 2010, the date postmarked on the face of envelope containing his pleading, (Doc. 1, Attachment 18). Thus, unless something tolled the statute of limitations, this petition was filed too late.

The AEDPA's statutory time period is tolled during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2). Here, petitioner filed a *pro se* post-conviction petition in the state court on August 18, 2006, (Doc. 11, Attachment 4), which caused the one-year clock to stop ticking immediately. At this point, petitioner had used 271 days of his 365-day clock. The state petition remained pending until March 15, 2010, when the Tennessee Supreme Court denied petitioner permission to appeal the post-conviction case, (Doc. 11, Attachment 5). Thus, on that date, the state post-conviction petition was no longer pending and the statute of limitations in § 2244(d) restarted. *Lawrence v. Florida*, 127 S. Ct. 1079 (2007) (ruling that the filing in the Supreme Court of a petition for certiorari for review of a post-conviction petition

2

does not toll the statute of limitations in § 2244(d)(2)). The statute ran 94 days more, reaching the three-hundred, sixty-five days allotted on AEDPA's clock on June 17, 2010. As noted, this § 2254 application was filed on October 12, 2010, nearly four months after the lapse of the statute. Accordingly, the Court finds that petitioner does not qualify for statutory tolling under § 2244(d)(2).

## II. Equitable Tolling

Even if this federal petition was filed outside the prescribed time-limits in § 2244(d), the Court still has jurisdiction to consider it under the equitable tolling doctrine. This doctrine, used only in rare cases where circumstances beyond a petitioner's control have prevented him from timely raising a habeas corpus claim, precludes a strict application of the one-year statute of limitations. *See Keenan v. Bagley*, 400 F.3d 417, 420-21 (6th Cir. 2005). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of showing that he is entitled to equitable tolling, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003), and the decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Because petitioner did not respond to the Warden's motion to dismiss or submit any basis for application of equitable tolling and because nothing offered in his pleading and attachments suggests that AEDPA's statute of limitations should be equitably tolled, he has not carried his burden of showing that his case is one of the exceptional ones where equitable tolling is justified. Therefore, the Court finds that ADEPA's statute of limitations should not be equitably tolled. *See*

3

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citation omitted).

### III. Conclusion

For the reasons discussed above, the respondent's motion to dismiss the habeas corpus petition as time-barred will be GRANTED,; this case will be **DISMISSED**, and a separate order of dismissal will issue.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE